**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0887n.06
Filed: November 8, 2005

No. 04-6283

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JAMES LARRY HOOD,

   **Plaintiff-Appellant,**

v.

KENTUCKY CABINET FOR FAMILIES
AND CHILDREN; VIOLA P. MILLER;
TIM JACKSON; DIETRA PARIS;
CATHY MOBLEY; TERESA SUTER;
STEPHEN JONES; MARK ROSEN;
JEANNE BALDWIN, INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES,

   **Defendants-Appellees.**

_____

        **ON APPEAL** FROM THE
        UNITED STATES DISTRICT
        COURT FOR THE EASTERN
        DISTRICT OF KENTUCKY

        **OPINION**

**Before: BOGGS, Chief Judge, SUTTON, Circuit Judge, and RICE,[*] District Judge.**

**PER CURIAM.**

   Appellant James Larry Hood ("Hood"), a Caucasian male, worked for Appellee

Kentucky Cabinet for Families and Children ("Cabinet") and its predecessor, from 1975

_____

   [*]The Honorable Walter H. Rice, United States District Judge for the Southern
District of Ohio, sitting by designation.

until July 31, 2002, when he retired with full benefits. He brought this lawsuit against the Cabinet and a number of its employees, claiming that he had been discriminated against on the basis of his race and sex, by being denied a pay raise in 1999 and a promotion in 2001, and that he had been the victim of retaliation for having opposed Appellees' alleged discriminatory practices and for having exercised his rights under the First Amendment to criticize the operations of the Cabinet. He set forth claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §§ 1983 and 1985.

The district court granted summary judgment to the Appellees, concluding that the evidence failed to raise genuine issues of material fact as to the elements of Hood's prima facie cases of discrimination and retaliation. Hood appeals, arguing that the grant of summary judgment was erroneous, because the evidence raised such issues of material fact and the district court erred in resolving factual disputes in favor of the Appellees.

We review the grant of summary judgment de novo. *Schweitzer v. Teamster Local 100*, 413 F.3d 533, 536 (6th Cir.2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Having had the benefit of oral argument, and having studied the record and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the Appellees. Given that the district court thoroughly and correctly articulated the reasons why the Appellees are entitled to summary judgment,

the issuance of a detailed opinion by this Court would be superfluous and would serve no useful purpose. Accordingly, we affirm the judgment of the district court, based upon the reasoning set forth in its memorandum opinion filed on October 4, 2004.